### In the Matter of Roger B. FINDERSON.

### No. 02S00–0507–DI–332.

Supreme Court of Indiana.

Sept. 6, 2006.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating agreed facts and proposed discipline as summarized below:

**Facts:** In April 2000, A.S. hired respondent to represent her as a result of a car accident with B.H. In December 2001, respondent filed a complaint for A.S. against B.H. In July 2002, B.H. was involved in another car accident and on August 23, 2002, she hired respondent to represent her. Respondent did not consult with A.S., who was now in jail in another state, about the concurrent representation. A.S. did not consent to such representation.

According to the Conditional Agreement, respondent "discovered" the conflict between A.S. and B.H. on September 19, 2002, notified A.S. that he would have to withdraw from representing her, and referred her to another attorney. A.S. was not able to retain another attorney. On December 4, 2002, respondent filed a motion to withdraw his appearance for A.S., which the court granted on March 3, 2003. On April 7, 2003, B.H.'s counsel, in the suit filed against her by A.S., filed a motion to dismiss. A.S. failed to appear for the hearing on the matter because she was still incarcerated at the time. A.S.'s suit against B.H. was dismissed. Respondent's representation of B.H. in her separate accident case resulted in a favorable settlement.

**Violations:** Respondent violated Ind. Professional Conduct Rule 1.7(a), which prohibits representation of a client when there is a concurrent conflict of interest.

**Discipline:** Public Reprimand.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Court further finds that with the acceptance of this agreement the hearing officer appointed in this case is discharged.

The Clerk of this Court is directed to forward a copy of this Order to the hearing officer and in accordance with the provisions of Admis.Disc.R. 23, Section 3(d), and to post this Order on the Court's website for orders concerning final resolution of attorney disciplinary cases.

All Justices concur.